UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTWUAN ROBINSON,<br>　　　　Plaintiff<br><br>　　v.<br><br>KEITH CROT, EMMANUEL VILLEGAS, and THE CITY OF CHICAGO,<br>　　　　Defendants | No. 23 CV 14805<br><br>Judge Jeremy C. Daniel |

ORDER

For the reasons stated in this order, the defendants' motion to dismiss [8] is denied. The defendants have until May 3, 2024 to answer the complaint. The April 16, 2024, status is stricken.

STATEMENT

Plaintiff Antwuan Robinson filed this lawsuit against the City of Chicago and two of its police officers, alleging that the defendants violated federal and state law when they arrested him without probable cause. (*See* R. 1.)[1] The defendants now move to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that the arresting officers' body-worn-camera ("BWC") footage establishes that there was probable cause for Robinson's arrest, negating the basis for many of his claims. (R. 8.) They also argue that the defendants are entitled to qualified immunity, as well as immunity under the Illinois Tort Immunity Act. (R. 11 at 10–13.) Because the BWC footage may not be considered without converting the motion into one for summary judgment, and because the defendants' immunity arguments are premature, the motion is denied.

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the pleaded factual content

---

[1] Robinson asserts claims for false arrest, wrongful detention, unreasonable search, and malicious prosecution in violation of the Fourth Amendment under 28 U.S.C. § 1983 (Counts I–IV), retaliation in violation of the First Amendment under § 1983 (Count V), and false imprisonment/arrest and battery in violation of Illinois state law. (Counts VI and VII.) (*See* R. 1.)

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663. In evaluating a Rule 12(b)(6) motion, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010).

"Ordinarily, when adjudicating a motion to dismiss under Rule 12(b)(6), a district court is limited to the allegations of the complaint." *Fin. Fiduciaries, LLC v. Gannett Co.*, 46 F.4th 654, 663 (7th Cir. 2022). If the Court considers "matters outside the pleadings," then the "motion must be treated as one for summary judgment." Fed. R. Civ. P. 12(d); *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). The doctrine of incorporation by reference provides a limited exception to this rule whereby a court may consider extraneous materials on a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to [the] claim." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (citation and quotation marks omitted); *see also Bogie v. Rosenberg*, 705 F.3d 603, 608–09 (7th Cir. 2013). The purpose of this doctrine is to "prevent[] a plaintiff from 'evad[ing] dismissal under Rule 12(b)(6) simply by failing to attach to his complaint a document that prove[s] his claim has no merit.'" *Brownmark*, 682 F.3d at 690 (quoting *Tierney*, 304 F.3d at 738).

The defendants argue that the BWC footage, which is extrinsic to the plaintiff's complaint, may be considered under the incorporation by reference doctrine. (R. 11 at 13–15.) But the doctrine does not apply because the footage is not mentioned in Robinson's complaint, even in passing. *See Mong v. McKenzie*, No. 21 C 2420, 2023 WL 7629667, at *2 (N.D. Ill. Nov. 14, 2023) (declining to consider BWC footage under incorporation by reference doctrine where footage was not referenced in the plaintiff's complaint); *Daoud v. City of Chi.*, No. 21 C 6663, 2023 WL 5389015, at *4 (N.D. Ill. Aug. 22, 2023) (same); *Siguenza v. City of Chi.*, No. 23 C 33, 2023 WL 6198820, at *2 n.2 (N.D. Ill. Sept. 22, 2023) (same). The defendants cite *Scott v. Harris*, 550 U.S. 372 (2007), *Harton v. Pobjecky*, 883 F.3d 941 (7th Cir. 2018), and *Hyung Seok Koh v. Graf*, No. 11 C 2605, 2013 WL 5348326 (N.D. Ill. Sept. 24, 2013), to support incorporation by reference. But *Scott* and *Harton* were decided at summary judgment. 550 U.S. at 372; 883 F.3d at 944. And in *Koh*, the video in question was considered because it was referenced in the plaintiff's complaint. 2013 WL 5348326, at *9.

Even if the BWC footage was referenced in the complaint, the footage is not central to Robinson's claims. In *Brown v. City of Chicago*, the district court declined to consider BWC footage in ruling on motion to dismiss unreasonable search and seizure claims under § 1983. 594 F. Supp. 3d 1021, 1028–31 (N.D. Ill. 2022). The court distinguished § 1983 claims from the copyright and breach of privacy claims at issue in *Brownmark* and *Bogie*. *See id.* In those cases, resolution of the disputes "hinged upon the videos themselves, which formed the very basis of the plaintiffs' respective claims." *Id.* at 1030. The same was not true of the § 1983 claims. While the videos "provide[d] key insights into the allegedly unreasonable events that took place[,]"

2

they were not themselves dispositive of the facts at issue." *Id.* Importantly, the plaintiffs "could have brought [their] § 1983 case if the BWC [footage] never existed." *Id.*

Here, similarly, the plaintiff's claims for violations of the Constitution and state law do not depend on the existence of the BWC footage. The videos merely provide insight into the facts that give rise to these claims. Nor does the BWC footage provide a comprehensive view of the facts. Unlike *Koh*, where the video captured the entire interrogation from a fixed perspective, 2013 WL 5348326, at *10, here the BWC footage captures only select portions of the events that transpired from the individual officers' perspectives. (R. 13.) Two of the officers were not present when Robinson was handcuffed, and it is difficult to determine from the limited perspective of the cameras whether defendant Crot "twisted, bent, and pressed his thumb onto Plaintiff's wrists and/or arms" as Robinson alleges in the complaint. (R. 1 ¶¶ 17, 29, 82.) These physical limitations are an additional reason not to consider the footage at the pleading stage. *Brown*, 594 F. Supp. 3d 1021 (quoting *Flores Delgado v. City of Chi.*, 547 F. Supp. 3d 824, 831 (N.D. Ill. 2021)) ("[T]he fact that the video does not capture all of [the defendant police officer's] movement compels the Court to find that the claim against [the defendant] must survive the motion to dismiss.").

The Court therefore declines to consider the BWC footage in deciding the defendant's motion. In doing so, it takes no position as to whether the footage supports or undermines the plaintiff's theories. The desire to quickly resolve this lawsuit is understandable, but it does not justify running roughshod over the Federal Rules of Civil Procedure. The Court echoes other courts in this District that "if video footage 'exists that clearly contradicts' [a plaintiff's] story," the more appropriate response is "an 'early and cost-efficient motion for summary judgment. . .'" *Brown*, 594 F. Supp. 3d at 1031 (quoting *Felton v. City of Chi*, 827 F.3d 632, 637 (7th Cir. 2016)).

Putting aside the BWC footage, the defendants' argument that the plaintiff's claims must be dismissed due to probable cause fails. An officer has probable cause to arrest if "at the time of the arrest, the facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Neita v. City of Chi.*, 830 F.3d 494, 497 (7th Cir. 2016) (citation omitted). The complaint alleges that Robinson was not violating any laws at the time that he was stopped and arrested, and that the arresting officers lacked probable cause to detain him. (R. 1 ¶¶ 9, 39, 61.) The defendants do not dispute the sufficiency of these allegations and rely exclusively on the fact that they are contradicted by the BWC footage. (*See generally* R. 11.)

The Court concludes that Robinson has sufficiently alleged the absence of probable cause. Whether probable cause existed for an arrest and subsequent detention is a "mixed question[ ] of fact and law," *United States v. Carlisle*, 614 F.3d 750, 754 (7th

3

Cir. 2010), that is generally inappropriate to resolve on a motion to dismiss. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). Because the plaintiff's allegations regarding lack of probable cause are not clearly contradicted by the pleadings, the defendants' motion to dismiss on this basis is denied.[2]

Similarly, the defendants argue that Robinson's Fourth Amendment malicious prosecution claim must be dismissed because the BWC footage demonstrates that the defendants' "motive in instituting" the suit was not "malicious." *Thompson v. Clark*, 142 S. Ct. 1332, 1337–38 (2022); *see* (R. 11 at 6–8.) But Robinson alleges that the defendants' actions "were intentional, malicious, and carried out with a reckless and callous disregard for Plaintiff's rights." (R. 1 ¶ 34.) Again, the defendants rely exclusively on the BWC footage to contradict these allegations and make no argument as to their sufficiency.

Finally, the defendants argue that they are entitled to qualified immunity and immunity under § 2-202 of the Illinois Tort Immunity Act, 45 ILCS 10/2-202. (R. 11 at 11–13.) The doctrine of qualified immunity shields public officials from civil liability if their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citation omitted). Section 2-202 of the Tort Immunity Act provides that a public employee is not liable for his acts or omissions in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct. 45 ILCS 10/2-202.

---

[2] The defendants also argue that Robinson fails to allege a First Amendment retaliation claim because his allegations regarding the lack of probable cause do not appear under the specific count for this claim. (R. 11 at 9.) However, while complaints must plead claims, they need not plead counts. *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011). Robinson's failure to include allegations concerning probable cause under the count for First Amendment retaliation is therefore not fatal.

Both immunity arguments are premature. "[A] complaint is generally not dismissed under Rule 12(b)(6) on qualified immunity grounds." *Hanson v. LeVan*, 967 F.3d 584, 597 (7th Cir. 2020) (quoting *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001)). This is because an immunity defense "usually depends on the facts of the case," and a plaintiff "is not required initially to plead factual allegations that anticipate and overcome a defense of qualified immunity." *Alvarado*, 267 F.3d at 651 (citation omitted). Similarly, § 2-202 is generally not an appropriate basis for dismissal at the pleading stage, since "whether the conduct is sufficiently willful and wanton is ordinarily a question of fact for the jury and rarely should be ruled upon as a matter of law." *Stevenson v. City of Chi.*, No. 17 C 4839, 2018 WL 1784142, at *10 (N.D. Ill. Apr. 13, 2018). Because the defendants' immunity defenses rely on facts not contained in the pleadings, the Court denies their motion to dismiss on immunity grounds.

Date: 4/12/2024

JEREMY C. DANIEL
United States District Judge